UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORBIN RICKS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00133-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDER**<br><br>**21-DAY DEADLINE** |

　　　　Plaintiff is a former state prisoner,[1] proceeding *pro se*, who brought this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On March 3, 2022, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (Doc. 11.)

　　　　On March 4, 2022, the Court issued an Order to Submit Non-Prisoner Application to Proceed *In Forma Pauperis* or Pay Filing Fee. (Doc. 12.) Plaintiff was served with a non-prisoner IFP application form and provided 30 days within which to submit the completed and signed application, or alternatively, to pay the $402 filing fee. (*Id*.) Plaintiff was warned that a failure to comply with the order would result in a recommendation that the action be dismissed. (*Id*. at 2.)

//

---

[1] Plaintiff filed a Notice of Change of Address on February 10, 2022, indicating he was residing on East Harvard Avenue in Fresno, California. (*See* Doc. 10.)

More than 30 days have passed, and Plaintiff has not submitted a non-prisoner IFP application, nor has he paid the filing fee.

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, the Court ORDERS Plaintiff to show cause in writing, **within 21 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's order. Alternatively, within that same time, Plaintiff may submit a non-prisoner IFP application or pay the $402 filing fee in full. **Failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey court orders.**

IT IS SO ORDERED.

Dated:   **April 12, 2022**              /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE