1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   CORBIN RICKS,                          Case No. 1:22-cv-00133-SKO (PC)

12              Plaintiff,                   **FINDINGS AND RECOMMENDATIONS
                                             TO DISMISS ACTION FOR FAILURE TO
13        v.                                 OBEY COURT ORDERS**

14   WARDEN,                                 **14-DAY DEADLINE**

15              Defendants.                  **Clerk of the Court to Assign District Judge**

16

17        Plaintiff Corbin Ricks is a former state prisoner, proceeding *pro se*, who brought this civil

18   rights action pursuant to 42 U.S.C. § 1983.

19        **I.        INTRODUCTION**

20        Plaintiff filed his complaint on January 21, 2022, in the United States District Court for

21   the Central District of California. (Doc. 1.) On January 28, 2022, the action was transferred to this

22   Court. (*See* Docs. 5, 6.)

23        On February 3, 2022, the Court issued its Order to Submit Application to Proceed In

24   Forma Pauperis or Pay Filing Fee. (Doc. 8.)

25        On February 10, 2022, Plaintiff filed a Notice of Change of Address, indicating he was

26   residing on East Harvard Avenue in Fresno, California, and was no longer incarcerated at North

27   Kern State Prison. (Doc. 10.)

28   //

On March 3, 2022, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") by a prisoner. (Doc. 11.) The application was signed and executed February 9, 2022, and included an inmate statement report dated February 23, 2022. (*Id*. at 2-4.) It also listed Plaintiff's previous address at North Kern State Prison (*id*. at 1), instead of his current address on file with this Court.

On March 4, 2022, the Court issued an Order to Submit Non-Prisoner Application to Proceed *In Forma Pauperis* or Pay Filing Fee. (Doc. 12.) Plaintiff was provided 30 days within which to submit the completed and signed non-prisoner application, or alternatively, to pay the $402 filing fee. (*Id*.) More than 30 days passed, and Plaintiff neither submitted a non-prisoner IFP application nor paid the filing fee.

On April 12, 2022, the Court issued its Order to Show Cause (OSC) why the action should not be dismissed for Plaintiff's failure to obey a court order. (Doc. 13.) Plaintiff was given 21 days within which to respond to the OSC. Plaintiff did not file a response, and the time for doing so has now passed.

**II.      DISCUSSION**

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, Plaintiff has not filed a non-prisoner IFP application or paid the filing fee as ordered, and has not responded to the OSC concerning his failure to obey a court order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal. *Henderson*, 779 F.2d at 1423.

The third factor, risk of prejudice to defendant, is a lesser factor here as named defendants have not yet appeared in the action. A presumption of harm or injury arises, however, from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement, or fifth factor. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Here, the Court's March 4, 2022, and April 12, 2022, orders expressly warned Plaintiff that his failure to comply with the Court's order would result in a recommendation for dismissal of this action. (*See* Doc. 12 at 2 ["**Failure to comply with this order will result in a recommendation that this action be dismissed**"] & Doc. 13 at 2 ["**Failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey court orders**"].) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

It appears that Plaintiff has abandoned this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders. The Court declines to expend its limited resources on a case that Plaintiff has

1  chosen to ignore.

2  **III.   CONCLUSION AND RECOMMENDATION**

3  For the reasons stated above, this Court RECOMMENDS that this action be DISMISSED

4  for Plaintiff's failure to obey court orders.

5  These Findings and Recommendations will be submitted to the United States District

6  Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of

7  service of these Findings and Recommendations, Plaintiff may file written objections with the

8  Court. The document should be captioned, "Objections to Magistrate Judge's Findings and

9  Recommendations." Plaintiff's failure to file objections within the specified time may result in

10 waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing

11 *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

12 The Court directs the Clerk of the Court to assign a district court judge to this action.

13
14 IT IS SO ORDERED.

15 Dated:   **May 10, 2022**                          */s/ Sheila K. Oberto*
16                                                       UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

4